UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY VANCE et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-2171-B |
| § | |
| SAFETY-KLEEN SYSTEMS, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 14). For the reasons set forth below, the Court **DENIES** the motion.

### I.

### BACKGROUND

This is a products liability case. Plaintiffs are a group of former employees of Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen") who claim that they were exposed to trichloroethylene and benzene in the course of their employment, causing them to suffer "serious and lasting injuries." Doc. 1-1, Pet., ¶¶ 32, 45. On July 12, 2021, Plaintiffs filed suit against Safety-Kleen in Texas state court bringing causes of action for products liability and negligence. *Id.* ¶¶ 46–64. On September 13, 2021, Safety-Kleen removed the action to this court based on diversity jurisdiction. *See* Doc. 1, Notice of Removal, ¶¶ 9–36. Plaintiffs then filed the instant motion to remand, arguing that the Court lacks subject-matter jurisdiction to hear this case. *See* Doc. 14, Pls.' Mot., 1. The motion is briefed and ripe for review.

- 1 -

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* And "[i]f the record does not contain sufficient evidence to show that subject[-]matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Id.*

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). "The jurisdictional facts that support removal must be judged at the time of the removal." *George v. SI Grp., Inc.*, 2021 WL 5095981, at *1 (5th Cir. Nov. 2, 2021) (quoting *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).

"[A]s long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself. This is because 'a federal court *always* has jurisdiction to determine its own jurisdiction.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (quoting *United States v. Ruiz*, 536 U.S. 622, 622 (2002)). "If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be

remanded." 28 U.S.C. § 1447(c). "The removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III.

## ANALYSIS

Plaintiffs move for remand on the grounds that Safety-Kleen has failed to show that there is complete diversity of citizenship.[1] *See* Doc. 15, Pls.' Br., 9. Specifically, Plaintiffs argue that Safety-Kleen, like Plaintiffs, is a citizen of Texas because it maintained its principal place of business in Texas. *Id.* at 8–9. In response, Safety-Kleen claims that, though it was once headquartered in Texas, it has put forth sufficient evidence showing that its principal place of business was moved to Massachusetts before this case was filed. Doc. 17, Def.'s Resp., 9–12. For the reasons stated below, the Court agrees with Safety-Kleen and finds that it has subject-matter jurisdiction over this case.

To start, it is undisputed that Plaintiffs are all citizens of Texas and that Safety-Kleen is a corporation organized under Wisconsin law. *See* Doc. 15, Pls.' Br., 1–2; Doc. 17, Def.'s Resp., 2, 5. To determine Safety-Kleen's citizenship for the purposes of diversity jursidiction, the Court refers to 28 U.S.C. § 1332(c)(1), which provides that "a corporation [is] deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Though the statue does not define "principal place of business," the Supreme Court has provided the following guidance:

---

[1] In addition to complete diversity, 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000. Here, Plaintiffs' state court petition states that "they seek damages in excess of $1,000,000." Doc. 1-1, Pet., 17. As such, the Court considers the amount-in-controversy requirement satisfied and focuses its analysis on whether complete diversity exists.

> "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz*, 559 U.S. at 92–93.

In its Notice of Removal, Safety-Kleen alleges that its principal place of business is in Norwell, Massachusetts—attaching as proof a Business Entity Summary from the Commonwealth of Massachusetts, Corporations Division. Doc. 1, Notice of Removal, ¶¶ 33–34; Doc. 1-3, Bus. Entity Summ. In their Motion to Remand, Plaintiffs argue that the Business Entity Summary is insufficient to establish Safety-Kleen's principal place of business, particularly when considered in light of other evidence indicating that Safety-Kleen's headquarters in Richardson, Texas. Doc. 15, Pls.' Br., 2. Plaintiffs point to three forms of evidence. First, Plaintiffs offer a screenshot of Safety-Kleen's website from July 9, 2021, which lists a Richardson, Texas address as the location for Safety-Kleen's headquarters. *Id.* at 3 & n.2. Second, Plaintiffs provide a January 12, 2012, press release taken from Safety-Kleen's website which announced that Safety-Kleen would be "mov[ing] its corporate headquarters to . . . Richardson, TX, in October 2012." *Id.* at 6; Doc. 16-1, Pls.' App'x Ex. 2, at 23. Third and finally, Plaintiffs identify two unrelated lawsuits from 2016 and 2020 wherein Safety-Kleen admitted, asserted, or argued that its corporate headquarters was located in Richardson, Texas. *See* Doc. 15, Pls.' Br., 7–8; Doc. 16-1, Pls.' App'x Exs. 3–6.

In response, Safety-Kleen explains that its principal place of business *was* in Richardson, Texas but that it moved its headquarters to Norwell, Massachusetts on May 1, 2020 as part of a

company-wide reorganization. Doc. 17, Def.'s Resp., 3–4. In support, Safety-Kleen attaches an affidavit of Bradley A. Carl, its Assistant Secretary. Doc. 17-1, Carl Aff. In the affidavit, Carl states that pre-reorganization, 13 of Safety-Kleen's 14 senior executives worked in the Richardson, Texas office, but that all of these executives have since moved offices or resigned from the company. *Id.* ¶¶ 9–15. Specifically, Carl avers that, as of July 12, 2021, Safety-Kleen employed 12 senior executives: 4 who work in Norwell, Massachusetts and 8 who work in separate Safety-Kleen offices located throughout the United States and Canada. *Id.* According to Carl, "no one at Safety-Kleen's highest level of management" worked in the Richardson, Texas office as of July 12, 2021. *Id.* ¶ 15.

Carl also claims the reorganization affected more than just the company's executives. *See id.* ¶¶ 18–20. He states that 469 employees were based in Richardson, Texas before reorganization, but by July 12, 2021, only 17 employees remained in that office. *Id.* ¶ 18. In the same time frame, the employee headcount at Safety-Kleen's Norwell, Massachusetts office increased from 22 to 174. *Id.* ¶ 20. Safety-Kleen argues this evidence is sufficient to establish its diverse citizenship and, thereby, the Court's subject-matter jurisdiction over this case. Doc. 17, Def.'s Resp., 13. The Court agrees.

First, the Court recounts that "jurisdictional facts . . . that support removal [are] judged at the time of the removal." *George*, 2021 WL 5095981, at *1 (quoting *Gebbia*, 233 F.3d at 883); *see Settlement Funding, L.L.C.*, 851 F.3d at 537. Therefore, the only relevant question is whether Safety-Kleen was a citizen of Texas on September 13, 2021—the date of removal. *See Settlement Funding, L.L.C.*, 851 F.3d at 537. With this in mind, the Court finds that Plaintiffs' evidence is entirely consistent with a finding of complete diversity because all of Plaintiffs' evidence tends to establish the undisputed—that Safety-Kleen's principal place of business was in Richardson, Texas at times *before* September 13, 2021. *See* Doc. 15, Pls.' Br., 6–9.

Second, the Court finds that Safety-Kleen has presented "competent proof" to carry its burden of showing that complete diversity of citizenship exists. *See Hertz Corp.*, 559 U.S. at 96–97. Even assuming that Safety-Kleen's Business Entity Summary was insufficient to establish Safety-Kleen's diverse citizenship, *see id.* at 97 (noting that forms like the SEC's 10-K filling are generally insufficient), the Carl Affidavit is dispositive here.[2] In particular, the Court gives great weight to the fact that a plurality of Safety-Kleen's executive decision-makers now work out of Massachusetts, with the rest scattered across other offices. Doc. 17-1, Carl Aff., ¶¶ 9–15. Under these circumstances, the Court is persuaded that Norwell, Massachusetts was Safety-Kleen's "nerve center" as early as July 12, 2021, and that Safety-Kleen was thus not a citizen of Texas when this case was filed or removed. *See Hertz Corp.*, 559 U.S. at 96–97 ("[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Accordingly, Safety-Kleen has shown complete diversity of citizenship and the Court concludes that it has subject-matter jurisdiction over this dispute. As such, Plaintiffs' motion is **DENIED**.

## IV.

## CONCLUSION

For the reasons stated above, the Court concludes that the parties are diverse and that, by consequence, the Court has subject-matter jurisdiction over this case. Therefore, Plaintiffs' Motion to Remand (Doc. 14) is **DENIED**.

---

[2] "Where there is a defective allegation of citizenship, a removing party may supplement its allegations to cure the defect." *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 147 (5th Cir. 1979)). As such, in determining whether it has diversity jurisdiction over a case, a court may consider affidavits filed in response to a motion to remand. *See, e.g., id.*; *Good River Farms, LP v. TXI Operations, LP*, 2018 WL 1770494, at *2 (W.D. Tex. Apr. 12, 2018); *Beneplace, Inc. v. Pitney Bowes, Inc.*, 2016 WL 11582929, at *6 (W.D. Tex. June 30, 2016); *Willingham v. Morgan*, 395 U.S. 402, 408 n.3 (1969) ("[F]or purposes of [determining whether an action is removable], it is proper to treat the removal petition as if it had been amended to include . . . relevant information contained in . . . later-filed affidavits.").

SO ORDERED.

SIGNED: December 20, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE