UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY VANCE et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-2171-B |
| § | |
| SAFETY-KLEEN SYSTEMS, INC., § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen")'s Motion to Clarify (Doc. 67) the Court's Amended Memorandum Opinion and Order (the "Amended Order") severing the case (Doc. 66). Because the Court did not intend to order the relief Safety-Kleen requests, the Court **DENIES** Safety-Kleen's Motion.

### I.

### BACKGROUND

The factual background of this case is laid out in detail in the Amended Order. Doc. 66, Am. Order. The Court briefly summarizes the relevant facts. Plaintiffs are twenty former Carrier Corporation ("Carrier") employees (or personal representatives of former Carrier employees) who worked at Carrier's air conditioning plant in Tyler, Texas. Doc. 41, Am. Compl., ¶¶ 9–30. Although each Plaintiff alleged that exposure to Safety-Kleen chemicals caused them to develop cancer, the Plaintiffs' levels of exposure varied significantly. Plaintiffs were allegedly exposed to various solvents at various physical proximities for various lengths of time and developed various cancers. *See* Doc. 45, App. Def.'s Mot. Sever Exs. A–T.

Safety-Kleen moved to sever Plaintiffs' claims. Doc. 43, Mot. Sever. It argued Plaintiffs' claims were misjoined because they arose from separate transactions or occurrences and lacked a common question of law or fact. Doc. 44, Mot. Sever Br., 5–11. On October 6, 2022, the Court issued a Memorandum Opinion and Order (the "Original Order") granting the Motion to Sever. Doc. 64, Original Order. The Court found the parties were misjoined and severed the case into twenty distinct civil actions. *Id.* at 5, 12. The Court directed that the severed actions be assigned to this Court. *Id.* at 12. The next day, the Court vacated its Original Order, *see* Doc. 65, Order, and issued the Amended Order. In the Amended Order, the Court again found the parties were misjoined and severed the case into twenty distinct civil actions. Doc. 66, Am. Order, 5, 12. But in the Amended Order, the Court dismissed the severed cases without prejudice. *Id.* at 12. The Court explained,

> The Amended Complaint does not contain the specific facts of each Plaintiff's individual claim and does not allege the Court's subject matter jurisdiction over each Plaintiff's individual claim. Accordingly, the Court dismisses the twenty separate actions without prejudice to allow Plaintiffs a chance to replead their individual claims with particularity. If Plaintiffs wish to file a complaint, they must pay the Clerk of Court a filing fee.

*Id.*

Safety-Kleen now seeks clarification of this portion of the Amended Order. Doc. 67, Mot. Clarify. Specifically, Safety-Kleen requests the "Court clarify its Amended Order . . . to state that the severed actions may only be refiled in the Northern District of Texas." *Id.* at 1. The Court considers the Motion below.

- 2 -

## II.

## LEGAL STANDARD

Under Rule 60(a), a party may ask the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The scope of Rule 60(a) is . . . very limited." *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir. 1986) (en banc). "To be correctable under Rule 60(a), the mistake must not be one of judgment or even of misidentification, but merely of recitation, . . . mechanical in nature. Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)'s scope; missteps involving substantive legal reasoning are not." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193–94 (5th Cir. 2011) (quotations and footnotes omitted).

A party may also ask the Court to reconsider its judgment or legal reasoning. "[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration . . . ." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "Rather, courts treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider." *Mehar Holdings, LLC v. Evanston Ins. Co.*, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016). "Rule 54(b) applies to interlocutory judgments and permits the district court to reconsider and reverse its decision for any reason it deems sufficient." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (quotation omitted). By contrast, "Rule 59(e) governs motions to alter or amend a final judgment" and "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted).

Similarly, Rule 60(b) allows the Court to provide relief from a "final judgment, order, or proceeding" in five specific circumstances[1] or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

## III.

## ANALYSIS

As mentioned above, Safety-Kleen requests the "Court clarify its Amended Order . . . to state that the severed actions may only be refiled in the Northern District of Texas." Doc. 67, Mot. Clarify. Safety-Kleen "respectfully submits that the Court did not intend to allow the Plaintiffs to refile in state court." Doc. 68, Mot. Br., 11. It argues the omission of language limiting refiling to this Court was a mistake that the Court may correct under Rule 54(b), 60(a), or 60(b). *Id.* at 10–11. The Court disagrees. As explained below, the omission of language restricting refiling was intentional. Because the Court did not intend to order such relief in the Amended Order, the Court **DENIES** Safety-Kleen's Motion.

In removal actions, "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Id.* (citing *St. Paul*

---

[1] These circumstances are
 (1) mistake, inadvertence, surprise, or excusable neglect;
 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
 (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
 (4) the judgment is void; [and]
 (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.
Fed. R. Civ. P. 60(b)(1)–(5).

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)). However, courts have reevaluated their subject matter jurisdiction, including the amount in controversy in diversity cases, after severing misjoined claims. *See, e.g.*, *Delgado v. Allstate Tex. Lloyds*, 2018 WL 5730392, at *1 (S.D. Tex. Aug. 10, 2018), *report and recommendation adopted*, 2019 WL 668109 (S.D. Tex. Feb. 19, 2019). When determining the amount in controversy, these courts ignored the severed claims. *See, e.g., id.* at *2 ("Defendant contends that the claims pre-severance should be aggregated which makes the amount in controversy exceed $75,000 . . . . The court disagrees. . . . Because the claims were misjoined, the court will consider if there is jurisdiction over Plaintiff's claim.").

In both their Original Petition and Amended Complaint, Plaintiffs alleged that "they seek damages in excess of $1,000,000." Doc. 1-1, Original Pet., 17; Doc. 41, Am. Compl., 17. But neither the Original Petition nor the Amended Complaint contained the individual damages amounts sought by each Plaintiff. *See generally* Doc. 1-1, Original Pet.; Doc. 41, Am. Compl. Thus, because "[t]he Amended Complaint d[id] not contain the specific facts of each Plaintiff's individual claim and d[id] not allege the Court's subject matter jurisdiction over each Plaintiff's individual claim," in its Amended Order "the Court dismisse[d] the twenty separate actions without prejudice to allow Plaintiffs a chance to replead their individual claims with particularity." Doc. 66, Am. Order, 12. Because a refiling restriction would function as a dismissal with prejudice of any claims that did not meet the jurisdictional amount, the Court declined to impose such a restriction in its Amended Order. For the same reason, it declines to do so now.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Safety-Kleen's Motion to Clarify (Doc. 67).

**SO ORDERED.**

**SIGNED: June 8, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE